IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GABRIEL CANTU, MEGAN RIVAS, | § § § | |
| *Plaintiffs,* | § § | SA-18-CV-00665-XR |
| vs. | § § § | |
| GT EXPEDITED INC., DAMIEN SOWA, | § § | |
| *Defendants.* | § § | |

# **ORDER**

Before the Court in the above-styled cause of action is Defendants' Motion to Examine Plaintiff Megan Rivas [#27]. Defendants ask the Court for an order requiring Plaintiff Megan Rivas to submit to a medical examination by one of their retained experts, Adwale Adeniran, M.D., on the basis that she has placed her medical condition in controversy by filing this personal-injury action and seeking damages for future medical expenses. The motion was referred to the undersigned on July 3, 2019 for disposition, and on this day the Court held a hearing on the motion.

In reviewing the docket in this case in preparation for the hearing, the Court identified numerous issues with the parties' filings (or lack thereof) and noncompliance with Court orders and Local Rules. First, the motion filed by Defendants does not contain a certificate of conference, as required by Local Rule 7(i). Nor did Plaintiffs ever file a response to the motion in accordance with the guidelines set forth in Local Rule 7(e). Additionally, the Court's Order setting the motion for a hearing explicitly directed the parties to confer on the motion and to file a joint advisory on or before August 1, 2019 advising the Court of the issues remaining in

1

dispute.  (Order [#32].)  The parties failed to do so.  Finally, Defendants moved for their requested relief under a Texas Rule of Civil Procedure, rather than the governing procedural rule—Rule 35 of the Federal Rules of Rules of Civil Procedure.  Despite all of these issues, the Court will grant the motion but will also admonish the parties that any future failure to comply with this Court's Local Rules or orders of the Court could result in the imposition of sanctions.

Rule 35 grants the Court authority to order any party whose mental or physical condition is "in controversy" to submit to a physical or mental examination by a suitably licensed or certified examiner.  Fed. R. Civ. P 35(a)(1).  The order must be made only on motion "for good cause" and must specify "the time, place, manner, conditions, and scope of the examination, as well as the persons who will perform it."  *Id.* at 35(a)(2).  Accordingly, under Rule 35, three requirements are necessary to enable a court to order a Rule 35 exam:  (1) the party's physical or mental condition must be in controversy; (2) the expert must be either a physician or a psychologist; and (3) good cause must be shown.  *Acosta v. Tenneco Oil Co.*, 913 F.2d 205, 208 (5th Cir. 1990).

Although the parties failed to file the ordered advisory on the remaining issues in dispute, the parties informed the Court at the hearing that Plaintiffs do not oppose the requested Rule 35 examination.  And there is no reasonable basis for doing so.  The Court finds that Plaintiff Megan Rivas has placed her medical condition "in controversy" by alleging that she suffered bodily injuries as a result of the motor-vehicle accident underlying this suit and pleading damages in the form of past and future medical expenses.  *See Schlagenhauf v. Holder*, 379 U.S. 104, 119 (1964) ("A plaintiff in a negligence action who asserts mental or physical injury . . . places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury.").

2

The Court also finds the requisite good cause for the requested examination. Courts have found good cause for a Rule 35 examination where a plaintiff intends to prove her claim for mental health damages through the testimony of her own expert witness. *See Shadix-Marasco v. Austin Reg'l Clinic P.A.*, No. A-09-CA-891 LY, 2011 WL 2011483, at *3 (W.D. Tex. May 20, 2011) ("When a claimant has retained her own experts and intends to prove her claim at trial through their testimony, and when her mental injuries will be an important component of her damages, good cause exists to permit defendant to select its own expert in that field to examine her."); *see also McCormick v. Payne*, No. 4:15-CV-809, 2016 WL 3124624, at *1–2 (E.D. Tex. June 3, 2016); *Diaz v. Con-Way Truckload, Inc.*, 279 F.R.D. 412, 423 (S.D. Tex. 2012) (concluding same). Plaintiffs' designation of Dr. Stephen E. Earle, M.D., as an expert to opine on her medical condition and the injuries she suffered from the accident in question provides this Court with good cause to order a Rule 35 examination by Defendants' retained expert physician, Dr. Adeniran.

The only disputed issue is whether Dr. Adeniran may ask Rivas questions about her medical history during the examination. Plaintiffs could not, however, direct the Court to any authority for their position that a Rule 35 medical examination precludes the examining physician from placing the patient's medical history in context by asking questions to supplement the available medical records. In light of Plaintiffs' failure to respond to the motion or to provide the Court with any basis for their objection to the requested examination, the Court will grant Defendants' motion and order the Rule 35 examination as requested.

**IT IS THEREFORE ORDERED** Defendants' Motion to Examine Plaintiff Megan Rivas [#27] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Megan Rivas shall undergo a medical examination by Dr. Adwale Adeniran, MD, orthopedic spine surgeon, to consist of a noninvasive physical examination and neurological exam including: (1) range of motion tests on the neck, back, hips, and shoulders with palpitation of muscles and tendons; (2) sitting straight leg raises; (3) palpation of peripheral pulses for vascular examination; (4) motor testing; (5) sensory testing; and (6) reflex testing. The examination shall take place at Dr. Adeniran's office located at San Antonio Orthopedic Group, not later than **September 30, 2019.**

**IT IS FURTHER ORDERED** that Dr. Adeniran supplement his expert report within **14 days of the examination** and that Plaintiffs' experts may supplement their reports within **14 days of receiving any supplemental report from Defendants' experts**.

**IT IS FINALLY ORDERED** that the parties are ordered to read this Court's Local Civil Rules (available at https://www.txwd.uscourts.gov/?s=COURT%20RULES) in full and are hereby admonished that any future failure to comply with Federal Rules of Civil Procedure, the Local Rules, or this Court's orders may result in the imposition of sanctions.

SIGNED this 2nd day of August, 2019.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE